IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WENDI RENAE WELLS,<br><br>Defendant. | Case No. 1:25-cr-00130<br><br>**STIPULATED DISCOVERY ORDER AND PROTECTIVE ORDER** |

IT IS HEREBY AGREED AND UNDERSTOOD by and between the United States, and Defendant, WENDI RENAE WELLS, by Defendant's undersigned counsel, as follows:

1. **Stipulated Discovery Practice.** Stipulated discovery practice of the United States Attorney's Office for the District of North Dakota, herein "the United States," provides Defendant with broader and more prompt discovery materials than is required by rule. In addition to what is required under Fed. R. Crim. P. 16, under this stipulation Defendant will receive law enforcement reports and evidence or existing summaries of evidence in the custody of the United States that provide the basis for the case against Defendant. However, Defendant will not receive evaluative material of matters such as possible defenses, legal strategies, other attorney work product, or evidence the United States has decided to use solely for impeachment of defense witnesses or rebuttal evidence.

2. **Exculpatory Information.** Stipulated discovery materials will also include exculpatory information known to the United States within its possession, custody, or

control. Should Defendant become aware of any exculpatory information not disclosed, Defendant's counsel will notify the United States of that information so the United States may seek, obtain, and disclose it.

3. **Witness Statements.** The United States will disclose a trial witness's statement as required under Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500 no later than seven days before trial. If the United States obtains any trial witness's statement four or fewer days before trial, or during trial, the United States will disclose that statement no later than two days before the witness testifies. The United States will disclose grand jury testimony of trial witnesses at least three days prior to trial, consistent with the Court's August 7, 2009, Standing Order.

4. **Electronically Stored Information.** Compilations of electronically stored information, including, but not limited to contents of cell phones, computer databases, social media accounts, and internet service provider accounts, obtained by warrant will be appropriately searched and separated into two sets: "identified data" (identified as within the scope of Attachment B) and "remaining data." Through stipulated discovery, Defendant will be provided with all identified data, to include any known exculpatory information, from devices and accounts searched in conjunction with this case. Remaining data from each device and account will be maintained by the searching agency. In compliance with the Fourth Amendment, remaining data will only be provided to the Defendant upon written consent of the owner of the particular device or account. In the absence of the owner's consent, Defendant may move the Court for an order requiring the United States to provide Defendant with the remaining data from a particular device

or account not owned by Defendant. For purposes of North Dakota Rule of Professional Conduct 3.8(d), this stipulated discovery order serves as a protective order and relieves the United States from any obligation to disclose the remaining data to the non-owner of a device or account absent the signed consent of the owner of the device or account or a court order.

5.   **Tax Information.** The United States is authorized to disclose Defendant's tax information contained in the case file to co-Defendants for use consistent with this Order.

6.   **Personally Identifiable Information.** The United States may disclose unredacted personally identifiable information ("PII") as set forth in Fed. R. Crim. P. 49.1. Defendant's counsel shall take all reasonable steps necessary to ensure neither material containing PII nor the PII itself is disseminated or revealed to anyone other than Defendant's counsel's staff, employees, agents, or experts retained in preparation for litigation. In addition, Defendant's counsel or Defendant's counsel's staff, employees, agents, or experts shall not leave material containing PII unattended in any place where it could be viewed, taken, or copied by an unauthorized person. Defendant may have access to unredacted material containing PII only under the supervision of Defendant's counsel or counsel's staff. In the alternative, Defendant's counsel must provide Defendant the material with PII redacted. The parties agree that, absent a court order to the contrary, no material containing PII will be submitted to the Court, reproduced in any court filing, or presented in open court unless it is filed under seal or PII is redacted. Notwithstanding

this Order, stipulated discovery materials may be subject to provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 42 U.S.C. § 1306.

7. **Withholding/Redaction.** The United States may redact or withhold information from stipulated discovery due to security concerns or to protect an ongoing investigation. This does not preclude Defendant from requesting the Court's *in camera* review of that material to determine whether it should be disclosed in accordance with Fed. R. Crim. P. 16. When the United States withholds information from stipulated discovery materials, the United States will include in the discovery materials a notice of the withholding along with a general description of the type of material withheld.

8. **Disclosure and Transmission.** The United States, in its discretion, will disclose stipulated discovery materials either through its approved file sharing system or through one or more electronic storage devices. Defendant's counsel may be required to provide electronic storage devices in some circumstances and will solely be responsible for printing and reproduction costs.

9. **General Use and Possession.** Stipulated discovery materials provided by the United States and copies thereof may only be used in connection with the above-captioned federal criminal case against Defendant and **shall not** be used or disclosed in any other proceeding or in connection with any other matter. Absent a court order to the contrary, stipulated discovery materials provided by the United States and copies thereof will remain in the sole custody of Defendant's counsel. Defendant's counsel **shall not** disseminate the materials to Defendant except as provided in Paragraph 10. Defendant's counsel **shall not** disseminate the materials to any third party other than Defendant's

4

counsel's staff or employees, or any agent or expert retained by Defendant's counsel in preparation for litigation. Other than for uses associated with representation of Defendant in this criminal case, Defendant's counsel, Defendant's counsel's staff, employees, agents, or retained experts **shall not** copy or reproduce stipulated discovery materials provided by the United States. Defendant's counsel's agents or experts receiving or using information provided in stipulated discovery materials are subject to all terms of this Order and Defendant's counsel must advise those persons of terms of this Order. This paragraph does not prohibit the copying and dissemination of stipulated discovery materials among counsel for co-Defendants who are subject to this Order in this federal criminal case. However, stipulated discovery materials provided by the United States **shall not** be copied for or disseminated to other co-Defendants or their counsel not subject to this Order, absent a court order obtained through motion with notice to the United States.

10. **Defendant's Use and Possession.** Defendant is entitled to review all stipulated discovery materials. However, except for Defendant's own statements, Defendant's grand jury testimony, and items discoverable under Fed. R. Crim. P. 16, no other stipulated discovery materials provided by the United States shall be copied for or left with Defendant absent a court order. Therefore, other than Defendant's own statements and testimony, Defendant **shall not** possess, copy, or disseminate grand jury transcripts, Jencks Act statements, summary reports of witness interviews, or any audio or video recordings of the same. The parties may modify this paragraph by written agreement on a case-by-case basis without leave of Court.

11. **Clawback Provision.** If Defendant, or a third party, is provided discovery materials in violation of this Order, all stipulated discovery materials, including comingled Fed. R. Crim. P. 16 materials, may be seized and removed from Defendant's possession, or from a third party's possession. Notice of a violation and a listing of discovery materials at issue will be provided to defense counsel in writing. Upon receipt of notice, Defendant's counsel agrees to retrieve any outstanding materials from Defendant, or from a third party, and return them to the United States within one week. The United States will then move the Court for an order be releasing the United States from its commitments under this Order.

12. **Withdrawal of Counsel.** If Defendant's counsel is allowed to withdraw from this case and substitute counsel is appointed or retained, the United States will seek another Stipulated Discovery Order and Protective Order with new counsel. When any attorney's representation of Defendant concludes, stipulated discovery materials provided to Defendant by the United States and any copies thereof shall be destroyed or returned and shall not be distributed to any other individual.

13. **Reciprocal Discovery Obligation.** Under this Order, Defendant shall have a reciprocal discovery obligation, as required by Fed. R. Crim. P. 16(b) and 26.2. Further, Defendant agrees to disclose copies of all statements of those witnesses prepared by or on behalf of Defendant if Defendant intends to call those witnesses at trial, no later than seven days before trial. If Defendant obtains statements four or fewer days before trial, or during trial, the statements will be disclosed no later than two days before the witnesses testifies. This agreement does not include disclosure of materials that would infringe on

the attorney-client relationship, reveal confidential attorney-client communications, or expose evaluative material such as possible defenses, legal strategies, or other attorney work product.

14. **Notice of Intent to Use Evidence.** By providing stipulated discovery materials under this Order, the United States generally satisfies its notice obligations pursuant to Fed. R. Crim. P. 12(b)(4).

15. **Discovery Conference.** This Order satisfies the Discovery Conference requirement of Fed. R. Crim. P. 16.1. On a continuing basis, as needed, the parties will confer on issues relating to the anticipated nature and volume of discovery materials as well as to the timing and procedures for its disclosure.

16. **Good-Faith Efforts**. The parties agree to undertake good-faith efforts to resolve disputes between themselves before asking the Court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial. The parties may request an informal conference with the assigned magistrate judge prior to filing any motion concerning discovery disputes.

17. **Continuing Duty.** This Order imposes on all parties a continuing duty to disclose pursuant to Fed. R. Crim. P. 16(c).

18.  **Joint Request.** The parties agree to jointly request the Court enter this Protective Order, as set forth above, pursuant to Fed. R. Crim. P. 16(d)(1).

**IT IS SO ORDERED.**

Dated: June 24, 2025

/s/ Clare R. Hochhalter
_____
CLARE R. HOCHHALTER
Magistrate Judge
United States District Court

Dated: June 18, 2025              Dated: 6/18/2025

_____         _____
ERIN S. BOLINGER                  NICK BAKER
Attorney for WENDI RENAE WELLS    Assistant United States Attorney