## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

### Criminal No. 1:25-cr-130

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>vs.<br><br>**Wendi Renae Wells**,<br><br>                    Defendant. | **Motion to Allow Witness to Testify by Reliable Electronic Means** |

### INTRODUCTION

A defense witness named Adrian Crutchfield, for good reasons, will have an exceedingly difficult time making it to Bismarck, North Dakota to testify in-person at Wendi Wells's trial. Because caselaw in this District allows for remote testimony in certain compelling circumstances, and because such compelling circumstances exist here, Ms. Wells asks the Court to grant her request to permit Mr. Crutchfield's testimony by reliable electronic means.

### BACKGROUND

Adrian Crutchfield is a professional musician living in Matthews, North Carolina, who regularly tours nationally and internationally. The reason he is a witness in this case is that he was on tour in New Town, North Dakota, on the date of the alleged

offense. On February 26, 2026, Ringstrom DeKrey staff spoke with Mr. Crutchfield about his schedule during the April 7, 2026, trial date for this case.

Mr. Crutchfield indicated that he expects to just be getting home from a music show in Brazil at that time, and is supposed to be recording in Chicago the week of April 7th, though the session is not fully confirmed. If the Chicago recording session does not occur, Mr. Crutchfield indicated he will take a gig in a different location. Given both Mr. Crutchfield's distance from North Dakota and his schedule as a musician, appearing in person in Bismarck for Ms. Wells's trial is difficult.

To try to accommodate this extenuating circumstance, Ms. Wells's counsel contacted Nickolas Baker, counsel for the United States, and asked whether the government objected to permitting Mr. Crutchfield's testimony via reliable electronic means. Invoking Rule 26 of the Federal Rules of Criminal Procedure, Mr. Baker indicated the government *does object* to the proposal. This follows.

## DISCUSSION

While Rule 26 generally requires witnesses to appear in-person and provide live testimony at trial, caselaw in this District makes clear this requirement is not absolute. In *United States v. Beaman*, the government moved to allow telephonic or video testimony of a witness who lived in California and was subject to "subpoenas in two

other criminal cases issued prior to the federal subpoena."[1] Over the defendant's

objection, and despite the defendant's Confrontation Clause rights (rights which

notably *do not exist* in this posture, as the Confrontation Clause does not apply to the

government),[2] the court granted the government's request.[3]

First, while the court noted that "[t]he optimal way of conducting a trial is for

the witness to appear in person in court to face the defendant, and to be subject to cross-

examination in their presence," it recognized that this is not a hard-and-fast-rule that

must always apply:

> American criminal procedure, however, is pragmatic. It recognizes that
> this ideal condition cannot be made available in every instance if there is
> to be an effective search for the truth in an atmosphere protecting the
> defendant's needs for fairness and due process and the public's right to
> protect against crime.[4]

Next, the court explained that Rule 26 derives from Rule 43 of the Federal Rules

of Civil Procedure.[5] And while Rule 26 does not have an exception for "televised

---

[1] 322 F. Supp. 2d 1033, 1033 (D.N.D. 2004).

[2] *See United States v. Fox*, 2018 WL 1517674, at *2 (W.D. Wash. Mar. 28, 2018) (defense witness could testify by video because "there is no Confrontation Clause concern" and the government would not be "unduly prejudiced by having to cross-examine … over a video-conferencing program").

[3] *Beaman*, 322 F. Supp. 2d at 1035.

[4] *Id.* at 1034.

[5] *Id.*

3

presentation of testimony in compelling circumstances and when good cause is shown," Rule 43 does.[6] But simply because Rule 26 was not amended in the same way as Rule 43, "this does not preclude the use of contemporaneous televised examinations of witnesses in federal criminal cases."[7] That's because "[w]hen the Federal Rules of Criminal Procedure do not speak specifically to a matter, the court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure."[8] Here, since Rule 43 allows it, courts can extend the language of Rule 43 (civil) to Rule 26 (criminal).

Finally, the court noted "that video conferencing technology has been upheld as an alternative means of taking testimony of witnesses in criminal cases" in federal district courts around the country.[9] The court also noted that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons … but remains able to testify from a different place."[10]

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* (collecting cases).

[10] *Id.*

4

Applied here, Mr. Crutchfield's "compelling circumstances" and "good cause" are just as good as the witness approved in *Beaman*. Further, the court approved the testimony despite the defendant's Confrontation Clause rights. Here, no such rights exist. So if the court there was willing to grant the government's request without concern to the defendant's constitutional rights, then this Court should not treat the government to a more favorable standard. In short, because the court permitted the government's request in *Beaman*, it should permit Ms. Wells's request here.

## CONCLUSION

The analysis begins and ends with *Beaman*. It's an apples-to-apples comparison and is a case within this District, by a judge chambered in Bismarck. Very rarely does directly on-point caselaw come from within the same building. But here it does. And it warrants Wendi Wells's request to permit Adrian Crutchfield to testify by reliable electronic means. The Court should grant the motion.

Date:  March 10, 2026          Respectfully submitted,

Dane DeKrey (#09524)
**RINGTSROM DEKREY PLLP**
814 Center Avenue, Suite 5
Moorhead, MN  56560
(218) 284-0484
dane@ringstromdekrey.com

5