IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WENDI RENAE WELLS,<br><br>Defendant. | Case No. 1:25-cr-130<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S SECOND MOTION TO ALLOW ELECTRONIC TESTIMONY** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Nick Baker, Assistant United States Attorney, pursuant to Federal Rule of Criminal Procedure 26, hereby provides its response to the defendant's Second Motion to Allow Witness to Testify by Reliable Electronic Means. The United States opposes remote electronic testimony by defense witness Adrian Crutchfield ('Crutchfield') because in this case, witness credibility will be a central issue at trial should the defendant raise a self-defense argument.

## Background

On March 10, 2026, the defendant filed a Motion requesting the Court allow electronic testimony by a defense witness, Adrian Crutchfield ('Crutchfield'). Doc. 46 at 1. Crutchfield is a musician who performs across the country and resides in Matthews, North Carolina. Id. The Motion stated that Crutchfield was present at the 4Bears Casino in New Town, North Dakota on March 23, 2025, and that he has knowledge of both the defendant's character and events preceding the assault of Jane Doe by the defendant. Id. The court denied the motion without prejudice based on the trial being continued to a later date, rendering the request moot. Doc. 59.

On July 14, 2026, the defendant filed another Motion requesting Crutchfield be permitted to testify remotely, indicating that on this go-round, Crutchfield stated on May 28, 2026, that he has another concert to attend on the date(s) of trial. Doc. 69 at 2. Due to the United States's previously discussed concerns with Crutchfield's credibility, truthfulness, and basis for being able to opine on the defendant's character and demeanor (see United States's Response at Doc. 49), the United States opposes the second Motion requesting he be allowed to testify remotely and respectfully requests the court require his in-person testimony pursuant to Rule 26. Fed.R.Crim.Pro. 26. A second interview of Crutchfield by the defendant's investigator (Ross Rolshoven) where Crutchfield changes or adds to crucial aspects of his account does little to ameliorate the United States's concerns that were covered in its Response to the first Motion by the defendant requesting permission for out-of-court testimony.[1] Doc. 49; Government's Exhibit 1. The United States's opposition also rests on the circumstances here scarcely amounting to the "good cause" and "compelling circumstances" contemplated in *United States v. Beaman*, cited by the defendant.

## Law and Argument

The United States maintains its objection to Crutchfield testifying remotely due to inconsistencies between his first interview on November 25, 2025, and what is depicted in casino security footage, which will require the United States to show him portions of the casino security footage and/or screenshots from it. Specifically, there are

---

[1] See Government's Exhibit 1 (Crutchfield Second Interview Summary by Ross Rolshoven).

2

discrepancies between Crutchfield's account of what had occurred and what is depicted in

the casino security video footage.[2] The summaries of Crutchfield's interviews show that

he will testify to events that occurred in the Pocket Aces Lounge of the 4Bears Casino in

New Town, North Dakota on March 23, 2025, as well as his knowledge of the

defendant's character. Government's Exhibits 1, 2 (Crutchfield's second interview (1) and

first interview (2)).

Discrepancies between Crutchfield's November 25, 2025, account and what is

depicted on casino security footage include: Crutchfield's assertion that the defendant

was made uncomfortable by Jane Doe and her sister, K.R. because the defendant backed

into him (the video depicts the defendant gesturing with her head as she backs into

Crutchfield, followed by the defendant immediately getting back close to Jane Doe and

K.R. without acknowledging Crutchfield), Crutchfield's statement that the defendant left

the table that he and others were seated at (the video does not depict the defendant being

at Crutchfield's table), and Crutchfield's assertion that he heard the defendant say she was

going to the bathroom (the video does not depict he and the defendant interacting with

each other and the statement goes against his assertion that he couldn't hear anything she

was saying earlier in his statement due to noise in the bar). Government's Exhibit 2

(Crutchfield's first interview).

---

[2] There are also concerns with his competency to testify to the defendant's character trait for peacefulness or non-aggression (he describes her as "very non-aggressive," "very normal," and "super positive" despite admitting that he only met her on the day in question). Government's Exhibit 2 (Crutchfield First Interview Summary by Ross Rolshoven); *See also* Fed.R.Evid. 405(a), (b).

In support of the current Motion, the defendant again cites United States v. Beaman, 322 F.Supp.2d 1033 (D.N.D. 2004). In Beaman, the district court dealt with a request by the United States to allow remote testimony by a witness who was already previously subpoenaed in two other criminal cases. Beaman, 322 F.Supp. at 1033. Although Beaman focuses on the defendant's rights under the Confrontation Clause (and whether permitting a government witness to testify remotely would violate those rights), its analysis of the general requirement of testimony in open court by witnesses by Federal Rule of Criminal Procedure 26 ('Rule 26') may be applied here.

As a way of interpreting the rule as permitting deviation from that general requirement that witnesses testify in open court, the district court in Beaman referenced amendments to the analogous Federal Rule of Civil Procedure 43 that permitted remote testimony when there are "compelling circumstances" and a showing of "good cause." Beaman, 322 F.Supp. at 1034. It stated that although there were no such amendments to the analogous criminal Rule 26, "[it does] not preclude the use of contemporaneous televised examinations of witnesses in federal criminal cases" outright. Id. Citing Federal Rule of Criminal Procedure 57, the district court indicated that "[w]hen the [rules] do not speak specifically to a matter, the court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the…Rules of Civil Procedure." Id. The district court then cited several cases where remote testimony was upheld as an alternative to the Rule 26 requirement of testimony in open court. Id.

The district court stated further that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial

for *unexpected reasons…*" Id. (emphasis added) "Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other – and perhaps more important – witnesses might not be available at a later time…" [3] Id. at 1034-35.

As noted by the defendant in her first Motion seeking out-of-court testimony permission, Confrontation Clause rights are not implicated here. Doc. 46 at 3. This leaves the court to determine if the defense witness (Crutchfield) will be allowed to testify remotely.

The United States requests that the defendant's second Motion be denied (ensuring Crutchfield's open court testimony before the jury) because the United States would still need to show him screenshots of the casino security video or parts of the video itself during cross-examination. Doc. 49. In-person testimony by Crutchfield would facilitate that process by ruling out potential problems with image quality or connectivity. Most importantly, it would allow the United States to show Crutchfield screenshots and video crucial to testing his credibility (an important trial task complicated by Crutchfield not testifying in person). Id. It would also permit the jury to more accurately assess Crutchfield's credibility by allowing them to directly observe his demeanor, tone, and overall response to questions, unconstrained by image and audio quality. Id. The jury being able to fully assess credibility through in-person cross-examination with the

---

[3] In Beaman, the defendant opposed a continuance of the trial so that the United States' witness would be available to testify in person, eschewing relief available to remedy the Confrontation concerns he had.

5

witness seated in the same room is of paramount importance in this instance, where witness credibility will be a central issue at trial. Id.

Further, the situation in the current matter does not amount to the "compelling circumstances" and "good cause" that existed in Beaman, where the prosecution's witness was subpoenaed to appear at another trial on the same date. There are no "compelling circumstances" in this case because the Crutchfield can appear in court for trial as currently scheduled and has been on notice about the trial date for nearly 3 months. Doc. 65.

In the first motion filed on March 10, 2026 (less than a month before the trial was set to start on April 7, 2026), the defendant indicated that Crutchfield would be unavailable because he was supposed to be recording in Chicago, IL. Doc. 46 at 2. The defendant stated further that even if that fell through, Crutchfield would still be unavailable because he would simply take on a different obligation. Id. Crutchfield was interviewed by the defendant on November 25, 2025. Id. Being aware that Crutchfield would be a witness to call, there was ample time for the defendant to address Crutchfield's availability for in-person testimony leading up to the April 7, 2026, trial date. Given the ample time to address Crutchfield's availability beforehand, there were no "compelling circumstances" or "good cause" of the kind in Beaman that would have justified permitting Crutchfield to testify remotely in light of the United States's concerns with his credibility and basis of knowledge allowing him to vouch for the defendant's character for peacefulness.

The current Motion (filed July 14, 2026) presents the same problem. Doc. 69. Crutchfield was interviewed a second time on May 11, 2026. Government's Exhibit 1. The current trial date of August 11, 2026, was set by the court 3 days later on May 14, 2026. Doc. 65. Crutchfield was spoken to again on May 28, 2026. Doc. 69 at 2. The defendant's second Motion requesting permission from the court for Crutchfield to testify remotely was only filed on July 14, 2026. Doc. 69. Despite the recent filing of the second motion, a period just shy of three months in duration was sufficient for addressing Crutchfield's availability to testify at the trial scheduled to begin on August 11, 2026.

Thus, the current situation is not one of those situations "…[where] a witness is unable to attend trial for *unexpected reasons*…" <u>Beaman</u>, 322 F.Supp. at 1034-35 (emphasis added). The current trial date was known well in advance of the defendant's Motion filed July 14, 2026, requesting permission a second time for Crutchfield to testify remotely due to his unavailability. Further, and as noted in the United States's Response to the defendant's first Motion, a continuance remains a possible mode of relief available to the defendant.[4] Doc. 49 at 4.

### Conclusion

Thus, for the reasons discussed above, the United States requests that the Court deny the defendant's second Motion to permit Adrian Crutchfield's testimony electronically and require his presence at trial before the jury to permit meaningful cross-

---

[4] Counsel for the defendant indicated after the July 21, 2026, status conference that they do not intend to request a continuance in the event the second Motion for Crutchfield to testify remotely is denied.

examination and so the jury can adequately assess crucial matters like competency and credibility.

Dated: July 21, 2026.

NICHOLAS W. CHASE
United States Attorney

By:    /s/ *Nick Baker*
NICK BAKER
Assistant United States Attorney
ND Bar ID 08780
P.O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
nick.baker@usdoj.gov
Attorney for United States