**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON DEFENDANT'S** |
| | ) | **MOTION TO ALLOW TESTIMONY** |
| vs. | ) | **BY VIDEO** |
| | ) | |
| Wendi Renae Wells, | ) | Case No. 1:25-cr-130 |
| | ) | |
| Defendant. | ) | |

---

Before the Court is the Defendant's motion to allow witness to testify by reliable electronic means filed on July 14, 2026. See Doc. No. 69. The Government filed a response in opposition to the motion on July 21, 2026. See Doc. No. 72. The Defendant filed a reply brief on July 28, 2026. See Doc. No. 73.

The basis for the motion is that one of the defense witnesses, Adrian Crutchfield, has a conflict which will make it difficult for him to appear in person for trial which is scheduled to begin on August 11, 2026. Mr. Crutchfield is a musician who is scheduled to perform in North Carolina on August 11, 2026. The Defense would like Mr. Crutchfield, whom it deems to be an essential witness, to appear by video. The Government is opposed to the motion because it believes it will be difficult to properly cross-examine Mr. Crutchfield by video and the jury may have a difficult time assessing the witness's credibility. The Defendant's first request for Mr. Crutchfield to appear by video was denied without prejudice when the trial was continued. See Doc. No. 59. Neither party has requested a continuance of the current trial date and the Defendant advises she will not move for a continuance if the motion is denied.

In person testimony is by far the preferred method of obtaining trial testimony. However,

the undersigned has presided over many trials, both civil and criminal, where witnesses have testified by video. Rule 43 of the Federal Rules of Civil Procedure provides for video presentation of testimony in compelling circumstances and when good cause is shown. The analogous Federal Rule of Criminal Procedure does not explicitly provide for video testimony. Compare Fed. R. Crim. P. 26 and Fed. R. Civ. P. 43. However, this does not preclude the use of contemporaneous video examinations of witnesses in federal criminal cases. A court's need to seek the truth, to efficiently conduct a trial, and to ensure that persons with important information relating to the case be heard, permit a court to interpret the Federal Rules of Criminal Procedure in ways that justice mandates. See Fed. R. Crim. P. 2. When the Federal Rules of Criminal Procedure do not speak specifically to a matter, the court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure. See Fed. R. Crim. P. 57 ("a judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district" where there is no controlling law on an issue).

In this case, a short continuance will solve the problem and should allow for in person testimony. The Court notes the Defendant is not in custody. The Court finds the unavailable witness is essential, there is good cause to continue the trial, and "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A). See United States v. Lucas, 499 F.3d 769, 782-83 (8th Cir. 2007); United States v. Hohn, 8 F.3d 1301, 1305 (8th Cir. 1993); United States v. Driver, 945 F.2d 1410, 1414 (8th Cir. 1991). Trial shall be rescheduled for Tuesday, September 29, 2026, at 9:00 a.m. in Bismarck. A three (3) day trial is anticipated. All time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation. See 18 U.S.C. §§ 3161(h)(7)(A), 18 U.S.C. §

3161(h)(7)(B), and 3161(h)(3)(A).

The Defendant's motion to allow witness to testify by reliable electronic means (Doc. No. 69) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2026.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court