IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

WENDI RENAE WELLS,

Defendant.

Case No. 1:25-cr-00130

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Nick Baker, Assistant United States Attorney, submits the following proposed Jury Instructions. Trial is currently scheduled to commence on September 29, 2026. The United States respectfully requests that this Court issue the standard Eighth Circuit Jury Instructions and any other jury instructions/verdict forms that this Court typically uses in cases involving Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury. If not included within those instructions, the United States respectfully requests that the following instructions be given as referenced by instruction number from the *Manual of Model Criminal Jury Instructions for the Eighth Circuit*, 2025 Edition.

Dated: August 31, 2026

NICHOLAS W. CHASE
United States Attorney

By: */s/ Nick Baker*

NICK BAKER
Assistant United States Attorney
ND Bar ID 08780
P.O. Box 699
Bismarck, ND 58502-0699
(701) 530-2420
nick.baker@usdoj.gov
Attorney for United States

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**

TABLE OF CONTENTS


1. "On or about" Explained....................3
2. Essential Elements – Assault with a Dangerous Weapon....................4
3. Essential Elements – Assault Resulting in Serious Bodily Injury....................5
4. Inferences from the Evidence....................6
5. Assault – Defined....................7
6. Dangerous Weapon – Defined....................8
7. Serious Bodily Injury – Defined....................9
8. Bodily Injury – Defined....................10

Eighth Circuit Model Jury Instructions per D.N.D. Crim. L.R. 30.1(B)

9. § 0.01 – Instructions Before Voir Dire
10. § 1.01 – General: Nature of Case; Nature of Indictment; Burden of Proof; Presumption of Innocence; Duty of Jury; Cautionary
11. § 1.03 – Evidence; Limitations
12. § 1.05 – Credibility of Witnesses
13. § 1.06A – No Transcript Available – Notetaking
14. § 1.07 – Bench Conferences and Recesses
15. § 1.08 – Conduct of the Jury
16. § 1.09 – Outline of Trial
17. § 2.01 – Duties of Jury – Recesses
18. § 2.03 – "Indian" and "Indian Country" — Defined and Stipulated
19. § 2.25 – Duties of Jury – At the Close of the Case
20. § 3.01 – Introduction
21. § 3.02 – Duty of Jury
22. § 3.03 – Evidence; Limitations
23. § 3.04 – Credibility of Witnesses
24. § 3.06 – Description of Charges; Indictment Not Evidence; Presumption of Innocence; Burden of Proof (Single Defendant, Multiple Counts)
25. § 3.09 – Elements of Offense – Burden of Proof
26. § 3.11 – Reasonable Doubt
27. § 3.12 – Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Form
28. § 3.14 – Date of Crime Charged
29. § 4.10 – Opinion Evidence – Expert Witness
30. § 4.17 – Direct and Circumstantial Evidence
31. § 6.18.113(3) Assault with a Dangerous Weapon (18 U.S.C. § 113(A)(3))
32. § 6.18.113(6) Assault Resulting in Serious Bodily Injury (18 U.S.C. § 113(A)(6))
33. § 7.05 – Proof of Intent or Knowledge
34. § 9.04 – Self-Defense (if raised by the defendant at trial)
35. § 9.06 – Intoxication (if raised by the defendant at trial)

**UNITED STATES' REQUESTED JURY INSTRUCTION NO. 1**

"ON OR ABOUT" EXPLAINED

The Indictment charges that the offenses were committed "on or about" certain dates. Although it is necessary for the United States to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the Indictment, it is not necessary for the United States to prove that the offense was committed precisely on the dates charged.

1A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 13.05 (6th ed. 2014) (as modified).

*Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (hereafter "*Eighth Circuit Model Instructions*") § 3.14 (2025 ed.) (as modified).

**UNITED STATES' REQUESTED JURY INSTRUCTION NO. 2**

ESSENTIAL ELEMENTS – ASSAULT WITH A DANGEROUS WEAPON
COUNT ONE

The defendant is charged in Count One of the Indictment with Assault with a Dangerous Weapon, in violation of Title 18, United States Code, Sections 113(a)(3) and 1153. In order for the defendant to be found guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

*One,* the defendant assaulted Kilreen L. Reynolds;

*Two,* the defendant used a dangerous weapon, namely, a high-heeled boot;

*Three*, the defendant acted with the specific intent to cause bodily harm to Kilreen L. Reynolds;

*Four*, the defendant is an Indian; and

*Five,* the offense occurred in Indian County – that is, within the exterior boundaries of the Fort Berthold Indian Reservation.

[*Six*, the defendant did not act in self-defense].[1]

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count One; otherwise you must find the defendant not guilty of this crime.

Title 18, United States Code, Section 113(a)(3)

*Eighth Circuit Model Instructions* § 6.18.113(A)(3) (2025 ed.).

*United States v. Littlewind*, 595 F.3d 876, 884 (8th Cir. 2010).

---

[1] The United States requests an instruction on this element only if the trial evidence supports an instruction pertaining to self-defense.

**UNITED STATES' REQUESTED JURY INSTRUCTION NO. 3**

ESSENTIAL ELEMENTS – ASSAULT RESULTING IN SERIOUS BODILY INJURY
COUNT TWO

The defendant is charged in Count Two of the Indictment with assault resulting in serious bodily injury, in violation of Title 18, United States Code, Sections 113(a)(6) and 1153. In order for the defendant to be found guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

*One,* the defendant assaulted Kilreen L. Reynolds;

*Two*, as a result of this assault, Kilreen L. Reynolds suffered serious bodily injury;

*Three*, the defendant is an Indian; and

*Four,* the offense occurred in Indian County – that is, within the exterior boundaries of the Fort Berthold Indian Reservation.

[*Five*, the defendant did not act in self-defense].[2]

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Two; otherwise you must find the defendant not guilty of this crime.

*Eighth Circuit Model Instructions* § 6.18.113(A)(6) (2025 ed.).

Title 18, United States Code, Section 113(a)(6)

---

[2] The United States requests an instruction on this element only if the trial evidence supports an instruction pertaining to self-defense.

**UNITED STATES' REQUESTED JURY INSTRUCTION NO. 4**

INFERENCES FROM THE EVIDENCE

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

1A O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions*, § 12.05 (6th ed. 2023).

**UNITED STATES' REQUESTED JURY INSTRUCTION NO. 5**

ASSAULT - DEFINED[3]

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against who the attempt is made in fear of immediate bodily harm.

An "assault" also includes battery, that is, the willful infliction of injury upon another, or attempted battery. In this type of "assault," the victim need not experience a fear of immediate bodily harm or even be aware that the defendant was about to assault her.

*United States v. Brugh*, Case No. 1:18-cr-063-DLH, Doc. 45 at p. 9 (D.N.D. 2018).

---

[3] "Assault" means any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in reasonable fear of immediate bodily harm or any intentional and voluntary harmful and offensive touching of another person without justification or excuse. *Eighth Circuit Model Instructions* § 6.18.113(A)(3) (2025 ed.). The Eighth Circuit model instructions' definition of "assault" does not separately define battery.

**UNITED STATES' REQUESTED JURY INSTRUCTION NO. 6**

DANGEROUS WEAPON - DEFINED

"Dangerous weapon" means an object with the capacity to endanger life or inflict bodily harm and used in a manner likely to do so.

*Eighth Circuit Model Instructions* § 6.18.113(A)(3) (2025 ed.).

**UNITED STATES' REQUESTED JURY INSTRUCTION NO. 7**

SERIOUS BODILY INJURY - DEFINED

"Serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the functions of a bodily member, organ or mental faculty.

*Eighth Circuit Model Instructions* § 6.18.113(3) (2025 ed.).

Title 18, United States Code, Section 1365(3)

*United States v. Knife*, 592 F.2d 472, 483 (8th Cir. 1979).

**UNITED STATES' REQUESTED JURY INSTRUCTION NO. 8**

BODILY INJURY – DEFINED

The term ‘bodily injury’ means—

(A) a cut, abrasion, bruise, burn, or disfigurement;

(B) physical pain;

(C) illness;

(D) impairment of the function of a bodily member, organ, or mental faculty; or

(E) any other injury to the body, no matter how temporary.

*Eighth Circuit Model Instructions* § 6.18.111, Note 5 (2025 ed.).

Title 18, United States Code, Section 1365(4)