**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **PRELIMINARY INSTRUCTIONS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cr-130 |
| | ) | |
| Wendi Renae Wells, | ) | |
| | ) | |
| Defendant. | ) | |

---

**GENERAL INSTRUCTIONS** **P-1**

Members of the Jury, I want to take a few moments to give you some instructions about this case and about your duties as jurors. At the end of the trial, I will give you more detailed instructions. You must follow all of my instructions in doing your job as jurors.

This is a criminal case brought by the United States against the Defendant, Wendi Renae Wells. The offenses the Defendant has been charged with are set forth in a document referred to as an Indictment. An Indictment is simply an accusation and a description of the charges made by the Government against the Defendant. It is not evidence of anything. The Defendant has pled not guilty and is presumed innocent unless and until proven guilty beyond a reasonable doubt.

The Indictment in this case contains two counts. A separate offense is charged in each count of the Indictment. Each charge and the evidence pertaining to it should

be considered separately by you. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any of the other offenses charged.

Count One of the Indictment charges Ms. Wells with Assault with a Dangerous Weapon. Count One is alleged to have occurred on or about March 23, 2025. This offense has five (5) essential elements, which are:

One, the Defendant assaulted Kilreen L. Reynolds;

Two, the Defendant used a dangerous weapon, specifically, a high-heeled shoe;

Three, the defendant acted with the specific intent to cause bodily harm to Kilreen L. Reynolds;

Four, the assault happened in Indian Country;

Five, the Defendant is an Indian.

Count Two of the Indictment charges Ms. Wells with Assault Resulting in Serious Bodily Injury. Count Two is alleged to have occurred on or about March 23, 2025. This offense has four (4) essential elements, which are:

One, the Defendant assaulted Kilreen L. Reynolds;

Two, as a result of that assault, Kilreen L. Reynolds suffered serious bodily injury;

Three, the assault happened in Indian country;

Four, the Defendant is an Indian.

The Government must prove each essential element of the offenses charged beyond a reasonable doubt. The law never imposes on the Defendant in a criminal case the burden of introducing any evidence or calling any witnesses.

It will be your duty as jurors to decide from the evidence whether the Defendant is guilty or not guilty of the offenses charged.

From the evidence, you will decide what the facts are. You are entitled to consider the evidence in light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in the instructions, and in that way reach your verdict. You are the sole judges of the facts. However, you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this Defendant and not anyone else is on trial here. Further, the Defendant is on trial only for the offenses charged and not for anything else.

**PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF** **P-2**

The presumption of innocence means that the Defendant is presumed to be not guilty. This presumption:

1) Means that you must put aside all suspicion that might arise from the Defendant's arrest, the charges, or the fact that she is here in court
2) Remains with the Defendant throughout the trial
3) Is enough, alone, for you to find the Defendant not guilty of each offense charged against him

The burden is always on the prosecution to prove guilt beyond a reasonable doubt. This burden:

1) Never shifts to the Defendant to prove her innocence
2) Means that the Defendant does not have to call any witnesses, produce any evidence, cross-examine the prosecution's witnesses, or testify
3) Means that if the Defendant does not testify, you must not consider that fact in any way, or even discuss it, in arriving at your verdict
4) Means that you must find the Defendant not guilty of each offense charged unless the prosecution proves beyond a reasonable doubt that she has committed each and every element of that offense

**<u>"ON OR ABOUT" DEFINED</u>** **P-3**

The Indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the alleged date.

**<u>EVIDENCE DEFINED</u>** **P-4**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits during the trial, and any facts that have been stipulated–that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in the case.

The following are not considered to be evidence:

1) Statements, arguments, questions, and comments by lawyers are not evidence.

2) Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by any objections. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4) Anything you see or hear about this case outside of the courtroom is not evidence.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms. The law

makes no distinction between direct and circumstantial evidence. As a result, you should give all evidence the weight and value you believe it is entitled to receive.

**<u>CREDIBILITY OF THE WITNESSES</u>** **P-5**

In deciding the facts in this case, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory; any motives the witness may have for testifying a certain way; the witness's interest in the outcome of the case; the manner of the witness while testifying; whether that witness said something different at an earlier time; inconsistencies between the witness's testimony and any other evidence that you believe; whether any inconsistencies are the result of seeing or hearing things differently, actually forgetting things, innocent mistakes, or rather the result of lies or phony memory lapses; and the general reasonableness of the testimony.

You should not give any more or less weight to a witness's testimony just because the witness is a public official, a law enforcement officer, or an expert.

Remember, it is your exclusive right to give any witness's testimony whatever weight you think it deserves.

**NOTE TAKING** **P-6**

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and the other jurors go back to the jury room to decide the case. When you leave at night, your notes will be secured and will not be read by anyone.

**BENCH CONFERENCES** **P-7**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom or by calling a recess. If the bench conference is held in the courtroom, the clerk will switch on what we refer to as "white noise" so that the jurors cannot hear what is being said by the lawyers and myself. While the bench conferences are being conducted, please feel free to stand and stretch and visit among yourselves about anything except the case.

**CONDUCT OF JURORS DURING TRIAL** **P-8**

To ensure fairness, you must obey the following rules which will apply until the trial is over.

Do not talk among yourselves about this case, or about anyone involved with it, until you go to the jury room to decide on your verdict.

Do not talk with anyone else about this case, or about anyone involved with it, until the trial is over.

When you are outside the courtroom, do not let anyone ask you or tell you anything about this case, anyone involved with it, any news story, rumor, or gossip about it, until the trial is over. If someone should try to talk to you about this case during the trial, please report it to me immediately.

During the trial, you should not talk to any of the parties, lawyers, or witnesses – even to pass the time of day – so that there is no reason to be suspicious about your fairness. The lawyers, parties, and witnesses are not supposed to talk to you, either.

You may need to tell your family, friends, teachers, co-workers, or employers about your participation in this trial. You can tell them when you must be in court and can warn them not to ask you about this case or tell you anything they know or think about this case.

Do not provide any information to anyone by any means about this case until after I have accepted your verdict. That means do not talk face-to-face or use any

electronic device or media, such as telephones; cell or smart phones; iPhones; iPads; computers; the Internet; any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Snapchat, YouTube, or X (formerly known as Twitter) to communicate to anyone any information about this case until I accept your verdict.

Do not do any research – on the Internet, in libraries, in the newspapers, or in any other way – or conduct any investigation into this case, the law, or the people involved.

When you sit on a jury you should not go looking for information that you think may help you decide the case. This includes visiting crime scenes or accident sites, looking up information in newspapers, law books, scientific journals, or encyclopedias, or calling a friend who might be an expert about an issue in the case. You **MUST** decide the case based only on the evidence presented at trial.

This is especially true if you use the internet and/or social media. Many of us are so used to satisfying our curiosity about something by searching for answers on Google, texting a friend, or asking our Facebook friends the answer. It is hard to put those habits aside when it comes to jury duty. However, I assure you that when you have heard all the evidence, you will know more about this case than anyone will learn through the news media – and it will be more accurate.

It is important that you decide the case based solely on the evidence presented within the four walls of the courtroom. If you do any research, investigation, or experiment that we don't know about, your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process – including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. Remember, you have taken an oath to abide by these rules and you must do so.

Do not make up your mind during the trial about what the verdict should be. Keep an open mind until you have had a chance to discuss the evidence with other jurors during deliberations.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of the evidence, your reason and common sense, and these instructions. Our system of justice is

counting on you to render a fair decision based on the evidence, not on biases or prejudices.

If at any time during the trial, you have a problem that you would like to bring to my attention, or if you feel ill or need to go to the restroom, please send a note to my law clerk, who will give it to me. I want you to be comfortable, so please do not hesitate to tell us about any problem.

**TRIAL PROCEDURE** **P-9**

The first step in the trial will be the opening statements. First, the Government will make an opening statement and outline for you what it expects the evidence will show at trial. Next, the Defendant's attorney may, but does not have to, make an opening statement. A party is not required to make an opening statement. An opening statement is not evidence. It is simply a summary of what the attorney expects the evidence will show.

The Government will then present its evidence. Following the Government's case, the Defendant may, but does not have to, present evidence, testify, or call other witnesses. The Defendant does not have a burden to prove her innocence, present any evidence, or testify.

After the presentation of evidence is completed, the parties will make their closing arguments. As with opening statements, closing arguments are not evidence. The Court will then provide you with some additional instructions on the law you are to use in reaching your verdict. After that you will leave the courtroom to deliberate and make your decision.