**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **FINAL INSTRUCTIONS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cr-130 |
| | ) | |
| Wendi Renae Wells, | ) | |
| | ) | |
| Defendant. | ) | |

---

**GENERAL INSTRUCTIONS** **F-1**

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions–what we call deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

The instructions I gave you at the beginning of trial and during the trial remain in effect. I will now give you some additional instructions.

You must continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some and ignore others, because all are important. This is true even though many of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you as well as those I gave you earlier are in writing and will be available to you in the jury room. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

**DUTY OF JURY** **F-2**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**<u>"REASONABLE DOUBT" DEFINED</u>** **F-3**

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all *possible* doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.

"Proof beyond a reasonable doubt" is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**<u>EVIDENCE; LIMITATIONS</u>** **F-4**

As I said before, you must consider only the evidence that I have admitted in the case. The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

If you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial. You should give all evidence the weight and value you believe it is entitled to receive.

**INFERENCES** **F-5**

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. From the facts which you find have been proven, you are permitted to draw such reasonable inferences as you feel are justified in light of experience and common sense.

**CREDIBILITY OF WITNESSES** **F-6**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say and how important that testimony was. In making that decision, you may believe or disbelieve all of what a witness said, or only part of it, or none of it. The number of witnesses testifying concerning a particular point does not necessarily matter.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

To decide whether you believe any witness I suggest that you ask yourself a few questions, such as:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should not give any more or less weight to a witness's testimony just because the witness is a public official, a law enforcement officer, or an expert.

Remember, it is your exclusive right to give any witness's testimony whatever weight you think it deserves.

**INTRODUCTION TO OFFENSE INSTRUCTIONS** **F-7**

The Indictment charges two separate crimes, called “counts,” against the Defendant. Each count has a number.

Count One charges that the Defendant committed the crime of Assault with a Dangerous Weapon. Count Two charges that the Defendant committed the crime of Assault Resulting in Serious Bodily Injury. The Defendant has pled not guilty to each of those charges.

Count One charges that the Defendant assaulted Kilreen L. Reynolds with a dangerous weapon, as defined in 18 U.S.C. §§ 113(a)(3) and 1153. Count Two charges that the Defendant assaulted Kilreen L. Reynolds resulting in serious bodily injury to her, as defined in 18 U.S.C. §§ 113(a)(6) and 1153.

The Indictment is simply the document that formally charges the Defendant with the crimes for which she is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the Defendant to be innocent. Thus, the Defendant began the trial with a clean slate, with no evidence against her.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a Defendant to prove that she is innocent. Instead, the burden of proof remains on the Government throughout the trial.

**<u>"ON OR ABOUT" DEFINED</u>** **F-8**

The Indictment charges that the offenses were committed "on or about" March 23, 2025. The Government must prove that the offenses happened reasonably close to that date but is not required to prove the alleged offenses happened on that exact date.

**STIPULATION** **F-9**

The Government and the Defendant have stipulated–that is, they have agreed to–the following facts:

1) The Defendant is an Indian; and
2) The location where the alleged offenses occurred is within Indian Country.

You must therefore treat those facts as having been proved.

**COUNT ONE: ASSAULT WITH A DANGEROUS WEAPON** **F-10**

The crime of Assault with a Dangerous Weapon, as charged in Count One of the Indictment, has six (6) essential elements, which are:

One, the Defendant assaulted Kilreen L. Reynolds;

Two, the Defendant used a dangerous weapon, specifically, a high-heeled shoe;

Three, the Defendant acted with the specific intent to cause bodily harm to Kilreen L. Reynolds;

Four, the assault happened in Indian Country;

Five, the Defendant is an Indian; and

Six, the Defendant did not act in self-defense.

"Assault" means any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in fear of immediate bodily harm or any intentional and voluntary harmful and offensive touching of another person without justification or excuse.

"Dangerous weapon" means any object with the capacity to endanger life or inflict bodily harm and used in a manner likely to do so. An item need not be inherently dangerous or actually cause injury to be a dangerous

weapon; it is only necessary that it has the capacity, given how it is used, to cause great bodily harm or death.

If all of the elements have been proved beyond a reasonable doubt as to the Defendant, and if it has further been proved beyond a reasonable doubt that the Defendant was not acting in self-defense as defined in Instruction No. 13, then you must find the Defendant guilty of this crime charged under Count One; otherwise you must find the Defendant not guilty of this crime.

**<u>LESSER-INCLUDED OFFENSE: SIMPLE ASSAULT</u>** **F-11**

If your verdict under Instruction No. 10 as to Count One is not guilty, or if, after all reasonable efforts, you are unable to reach a verdict on Instruction No. 10 , you should record that decision on the verdict form and go on to consider whether the Defendant is guilty of the crime of Simple Assault under this instruction.

The crime of Simple Assault is a lesser-included offense of the crime of Assault with a Dangerous Weapon as charged in Count One of the Indictment. Simple Assault has four (4) elements, which are:

<u>One</u>, the Defendant assaulted Kilreen L. Reynolds;

<u>Two</u>, the assault happened in Indian Country;

<u>Three</u>, the Defendant is an Indian; and

<u>Four</u>, the Defendant did not act in self-defense.

"Assault" means any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in reasonable fear of immediate bodily harm or any intentional and voluntary harmful and offensive touching of another person without justification or excuse.

If all of the elements have been proved beyond a reasonable doubt as to the Defendant, and if it has further been proved beyond a reasonable doubt that the Defendant was not acting in self-defense as defined in Instruction No. 13, then you

must find the Defendant guilty of this crime under Count One; otherwise you must find the Defendant not guilty of this crime.

**COUNT TWO: ASSAULT RESULTING IN SERIOUS BODILY INJURY** **F-12**

The crime of Assault Resulting in Serious Bodily Injury, as charged in Count Two of the Indictment, has five (5) elements, which are:

One, the Defendant assaulted Kilreen L. Reynolds;

Two, as a result of that assault, Kilreen L. Reynolds suffered serious bodily injury;

Three, the assault happened in Indian country;

Four, the Defendant is an Indian; and

Five, the Defendant did not act in self-defense.

"Assault" means any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in fear of immediate bodily harm or any intentional and voluntary harmful and offensive touching of another person without justification or excuse.

"Serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the functions of a bodily member, organ or mental faculty.

If all of the elements have been proved beyond a reasonable doubt as to the Defendant, and if it has further been proved beyond a reasonable doubt

that the Defendant was not acting in self-defense as defined in Instruction No. 13, then you must find the Defendant guilty of the crime charged under Count Two; otherwise, you must find the Defendant not guilty of this crime.

**SELF-DEFENSE** **F-13**

If a person reasonably believes that force is necessary to protect herself from what she reasonably believes to be unlawful physical harm about to be inflicted by another and uses such force, then she acted in self-defense.

However, self-defense, which involves using force likely to cause death or great bodily harm, is justified only if the person reasonably believes that such force is necessary to protect herself from what she reasonably believes to be a substantial risk of death or great bodily harm.

**PROOF OF INTENT OR KNOWLEDGE** **F-14**

Intent or knowledge may be proved like anything else. You may consider any statement made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in a determination of the Defendant's knowledge or intent.

**CAUTION: PUNISHMENT** **F-15**

Each count of the Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. I caution you that the Defendant is on trial only for the specific crimes charged in the Indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**<u>NOTE TAKING</u>** **F-16**

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**VERDICT** **F-17**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me, and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## GENERAL CLOSING INSTRUCTIONS F-18

You will now go into the jury room and begin your deliberations. In conducting your deliberations and returning your verdict, there are certain rules which you must follow.

First, when you go into the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without violence to individual judgment, because the verdict–whether guilty or not guilty–must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. Do not come to a decision, however, simply because other jurors think it is right, or simply to reach a verdict. Remember there will not be a transcript of this trial available to you when you retire to the jury room.

Third, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, computer or computer device, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, Myspace, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Fourth, if you find that the Defendant is guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

Fifth, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff. The note should be signed by one or more jurors. I will respond as soon as possible, either in writing or orally in open court. Do not tell me or anyone else how you stand on your vote numerically or otherwise.

Sixth, your verdict must be based solely on the evidence you heard and saw in this courtroom and on the law which I have given to you in the instructions. Whether guilty or not guilty, the verdict must be unanimous. Nothing I have said or done is intended to suggest what I think of the evidence or what I think your verdict

should be–that is entirely for you to decide. Remember, statements, arguments, questions, and comments by lawyers, or myself are not evidence.

Finally, a verdict form has been prepared for your convenience. This form is simply the written notice of the decision that you have reached in this case. The form reads: (read form). The original verdict form will be provided to you in the jury room. When each of you has agreed on the verdicts, your foreperson will fill out the verdict form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

You will now take this case, try it fairly and impartially between the parties, and return such a verdict as is warranted under all the evidence and these instructions.